**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

THE KONG COMPANY, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

PLANET VENTURES, INC.,
a Maine corporation; PLANET DOG RETAIL,
LLC, a Maine limited liability company;
PLANET DOG WHOLESALE, LLC, a Maine
limited liability company

      Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff The KONG Company, LLC ("KONG"), by its attorneys, Berg Hill Greenleaf Ruscitti, LLP, for its Complaint against Defendants Planet Ventures, Inc., Planet Dog Retail, LLC, and Planet Dog Wholesale, LLC (collectively, "Defendants"), alleges as follows:

**PARTIES**

1.    KONG is a Colorado limited liability company, with its principal place of business at 16191-D Table Mountain Parkway, Golden, Colorado 80403. KONG has been a leading manufacturer and seller of pet toys and products in the United States and internationally since 1978.

2.    Upon information and belief, Planet Ventures, Inc. is a Maine corporation having a principal place of business at 85 Bradley Drive, Westbrook, ME 04092, and a registered agent at P.O. Box 9546, Portland, ME 04112.

3. Upon information and belief, Planet Dog Retail, LLC is a Maine limited liability company having an address at P.O. Box 9546, Portland, ME 04112.

4. Upon information and belief, Planet Dog Wholesale, LLC is a Maine limited liability company having an address at P.O. Box 9546, Portland, ME 04112.

5. Upon information and belief, Defendants have and continue to manufacture, distribute and/or sell, a pet toy product in the United States, including in this judicial district, which infringes KONG's intellectual property rights.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the Federal Trademark and Unfair Competition claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 28 U.S.C. § 1338. This Court has jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

7. Defendants are subject to personal jurisdiction in this judicial district because, upon information and belief, they sell and advertise their products, including infringing products, in this judicial district on a continuous and systematic basis. In addition, this Court has specific jurisdiction pursuant to C.R.S. §13-1-124(1), because KONG's claims arise out of Defendants' transaction of business in this judicial district and KONG is being damaged in this judicial district by Defendants' tortious conduct within this judicial district.

8. Venue is proper in the district pursuant to 28 U.S.C. §1391 because a substantial part of the conduct complained of herein occurred in this District.

**I.  FACTUAL BACKGROUND**

    **A.  KONG, Its Business and Trademarks**

9. KONG has been in the business of designing, developing, manufacturing and distributing unique KONG brand pet toys and related pet products for over 40 years. KONG

markets and sells its products under a set of distinct trademarks and trade dress, some of which have become famous. KONG expends great amounts of time and money annually to promote and advertise its goods under these distinctive marks and sells millions of its KONG brand pet products throughout the United States and abroad each year. As a result, KONG has developed substantial goodwill and consumer recognition in the KONG brand name and distinctive trade dress and consumers have come to rely on the KONG name and trade dress as indicators of quality.

9. One of KONG's earliest and most famous products is the iconic red KONG Classic dog toy pictured below, which reflects KONG's distinctive trade dress (the "KONG Trade Dress") and is also marked with the KONG trademark (the "KONG Mark"):



10. In addition to the KONG Classic dog toy, KONG manufactures and sells numerous other pet toys in various sizes and materials using the KONG Trade Dress and KONG Mark. KONG toys are made for a wide range of pets from birds and rats to large dogs. Although red is KONG's signature color, KONG also sells pet toys in a variety of colors, as demonstrated by the below images of a representative sample of KONG pet toys that use the KONG Trade Dress:

KONG Bounzer          KONG Extreme          Med./Large Classic KONG

KONG Puppy            KONG Senior           KONG Aqua

X-Small KONG



11.     KONG also consistently features the distinctive two dimensional outline of the KONG Trade Dress as a logo on other KONG products such as plush toys, on the packaging for KONG products, on its website and in marketing materials.  Examples of such use of the KONG Trade Dress are attached as Exhibit A.

12.     KONG is the owner of the following U.S. Trademark and Trade Dress Registrations on the Principal Register for its famous KONG Trade Dress:

4

| Mark | Reg. No. | Class | Description of Goods | First Use/Reg. Date |
|---|---|---|---|---|
| (3-dimensional) | 1,972,163 | 28 | Pet toys | December 31, 1978/ May 7, 1996 |
| | 4,548,965 | 28 | Dog toys | October 2013/ June 10, 2014 |
| | 4,503,185 | 28 | Dog toys | October 2013/ March 25, 2014 |

True and accurate copies of the Registration Certificates for these marks are attached hereto as Exhibit B.

13. KONG has continuously manufactured and sold products across the United States and abroad using the KONG Trade Dress since at least as early as December 31, 1978. Over the last several decades, KONG has sold well over 50 million pet toys utilizing its inherently distinctive KONG Trade Dress, generating millions of dollars in sales revenues. In addition, KONG has expended millions of dollars in marketing of its pet toys and accessories under the KONG Trade Dress. As a result of the foregoing, the KONG Trade Dress are recognized by the general consuming public in the United States, and as such, are famous and became famous many years prior to Defendants' conduct that is the subject of this Complaint.

### B. Defendants' Infringing Activities

14. Upon information and belief, Defendants have in the past and continue presently, to manufacture and/or sell substantial quantities of a pet product called the "Snowman" that is highly similar to various KONG products using a product design that is confusingly similar to

5

the KONG Trade Dress. Upon information and belief, Defendants chose the design for the Snowman willfully and with the intent to trade on the goodwill and fame of the KONG Trade Dress.

15. Defendants are selling, and have in the past sold, a pet toy called the "Snowman," which infringes the KONG Trade Dress. A screenshot taken on October 10, 2017, showing this product advertised for sale on Defendants' website are attached hereto as Exhibit C. The highly similar nature of this product and the KONG Trade Dress is reflected by the below side-by-side comparison:

| Snowman | KONG |



16. Upon information and belief, Defendants sell the Snowman in through their own websites, and via many nationwide online retailers, such as DogTuff.com, puplife.com, and frontgate.com among many others.

17. Upon information and belief, Defendants sell the Snowman in many retail stores in the United States, including retail stores in Colorado.

18. Defendants continue to advertise the Snowman for sale on its website and others, and upon information and belief, continues to manufacture and sell the Snowman.

## COUNT I
### (Federal Trademark Infringement Under § 32 of the Lanham Act)

19. KONG repeats and realleges the allegations contained in Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. KONG is the owner of valid and enforceable trademark and trade dress registrations for the KONG Trade Dress and has continuously used the trade dress for over 40 years in connection with the manufacture and sale of pet toys.

21. Defendants have sold, distributed and advertised in interstate commerce, and continue to sell, distribute and advertise in interstate commerce, a product that is closely related to those sold under the KONG Trade Dress using trade dress that is confusingly similar to the KONG Trade Dress.

22. Defendants' conduct is unauthorized by KONG, and is likely to create confusion, cause mistake or deceive consumers as to the affiliation, connection, association, origin or sponsorship of Defendants' products. Defendants' conduct thus constitutes trademark and trade dress infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

23. Defendants' trademark and trade dress infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of KONG Trade Dress, and to KONG's business, goodwill and reputation.

24. KONG has no adequate remedy at law because damages are continuing and difficult to ascertain.

25. Defendants' acts of trademark and trade dress infringement have been committed with the willful intent to cause confusion, mistake or deception, and as such, this case is exceptional. KONG is therefore entitled to injunctive relief, Defendants' profits, KONG's damages and reasonable attorneys' fees under 15 U.S.C. §§1125, 1116 and 1117.

## COUNT II
### (Federal Unfair Competition under § 43(a) of the Lanham Act)

26. KONG repeats and realleges the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Defendants' use of a product designs that are confusingly similar to the KONG Trade Dress, for a product that is highly similar and related to those sold by KONG, is likely to cause confusion or mistake, or to deceive consumers into believing that Defendants are somehow affiliated, connected, or associated with KONG, or that Defendants' goods originate with, are sponsored by or otherwise approved by KONG in violation of § 43(a) of the Lanham Act 15 U.S.C. § 1125(a). These actions have been committed willfully and with the intent to trade on the longstanding goodwill in the KONG Trade Dress.

28. Defendants' false designation and false representations have caused and continue to cause damage and irreparable injury to the value and goodwill of the KONG Trade Dress, and to KONG's business, goodwill and reputation. KONG has no adequate remedy at law because damages are continuing and difficult to ascertain.

29. Defendants' acts of trademark and trade dress infringement have been committed with the willful intent to cause confusion, mistake or deception, and as such, this case is exceptional.  KONG is therefore entitled to injunctive relief, Defendants' profits, KONG's damages and reasonable attorneys' fees under 15 U.S.C. §§1125, 1116 and 1117.

## COUNT III
### (Federal Trademark Dilution Under § 43(a) of the Lanham Act)

30. KONG repeats and realleges the allegations contained in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     KONG has exclusively used the inherently distinctive KONG Trade Dress for over forty years, across the United States and internationally, to identify its line of pet toys and pet products. Over the last several decades, KONG has sold millions of its products worldwide and expended considerable time and effort marketing, including millions of dollars spent in advertising and promoting its KONG Trade Dress. As a result of KONG's longstanding use of the KONG Trade Dress, and their recognition among the general consuming public in the United States, it has become famous under 15 U.S.C. § 1125(c).

32.     Defendants' use of a product design that is confusingly similar to the KONG Trade Dress, for goods that are closely related to KONG's, and are sold and advertised in the same locations to a similar consumer, dilutes and is likely to continue to dilute the distinctiveness of the KONG Trade Dress  by eroding the public's exclusive association of the KONG Trade Dress with KONG's products and lessening the capacity of the trade dress to identify KONG's goods. Upon information and belief, Defendants' actions have been committed with the willful intent to trade on the recognition of the famous KONG Trade Dress.

33.     Defendants' conduct has caused and continues to cause damage and irreparable injury to the value and goodwill of KONG's famous KONG Trade Dress and to KONG's business, goodwill and reputation. KONG has no adequate remedy at law because damages are continuing and difficult to ascertain.

34.     KONG is entitled to injunctive relief, damages, attorneys' fees and costs, and other relief and set forth herein.

## COUNT IV
### (Violation of Colorado Consumer Protection Act, C.R.S. §§ 6-1-101, *et seq.*)

35. KONG repeats and realleges the allegations contained in Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Defendants' willful use of trademarks and trade dress in the course of its business that are confusingly similar to KONG's famous trade dress constitutes deceptive trade practices in violation of Colo. Rev. Stat. §§ 6-1-105(1).

37. Defendants' deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of KONG's products and services.

38. Defendants' deceptive trade practices have caused and continue to cause irreparable injury to the value of the KONG Trade Dress, as well as irreparable injury to KONG's business, goodwill, and reputation for which KONG has no adequate remedy at law.

## COUNT V
### (Unfair Competition – Colorado Common Law)

39. KONG repeats and realleges the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. KONG possesses valid and protectable rights in the KONG Trade Dress, which are inherently distinctive or which have acquired distinctiveness in connection with KONG's goods.

41. Defendants' conduct is unauthorized by KONG, and is likely to create confusion, cause mistake or deceive consumers as to the affiliation, connection, association, origin or sponsorship of Defendants' products. Defendants' conduct thus constitutes common law unfair competition.

42. Defendants' trade dress infringement have caused and continue to cause damage and irreparable injury to the value and goodwill of KONG's trade dress and to KONG's business, goodwill and reputation. By reason of the foregoing, KONG is entitled to injunctive relief and monetary damages against Defendants.

43. The infringing conduct of Defendants is attended by circumstances of fraud, malice, or willful and wanton disregard of KONG's rights warranting an award of punitive and exemplary damages.

## PRAYER FOR RELIEF

**WHEREFORE,** KONG prays for judgment in its favor as follows:

A. That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and any and all persons acting in concert or participation with any of them, be preliminarily and permanently enjoined from:

1. manufacturing, producing, importing, advertising, displaying, offering for sale or selling any goods that display or utilize the KONG Trade Dress, or any words, symbols or trade dress that so resemble the KONG Trade Dress so as to be likely to cause confusion as to the source of Defendants' goods;

2. any further infringement of the KONG Trade Dress, or any other KONG intellectual property;

3. performing any action or using any trade dress, or other name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or the public into believing that KONG and Defendants are one and the same, or in some way connected, or that KONG is the sponsor of Defendants or their

products, or that Defendants in some manner are affiliated or associated with, or under the supervision or control of KONG, or that Defendants' products originate with KONG, or are connected or offered with the approval, consent, authorization, or under the supervision of KONG;

        4.     Any other conduct constituting unfair competition with KONG, misappropriation of KONG's property or business values, or a violation of the Colorado Consumer Protection Act.

    B.     That Defendants be ordered to deliver to KONG for destruction, or certify destruction of, all products that infringe the KONG Trade Dress.

    C.     That Defendants be ordered to file with the Court and serve upon KONG, within thirty (30) days after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

    D.     That KONG be awarded damages in an amount to be determined at trial for all infringing activities, including KONG's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

    E.     Awarding KONG exemplary and punitive damages in an amount to be determined at trial;

    F.     Awarding KONG its attorney's fees, costs, expert witness fees and expenses incurred in connection with this action as provided for by contract, applicable rule and/or law;

    G.     Awarding KONG pre- and post-judgment interest and all damages recovered by or awarded to KONG;

H.  The Court grant KONG such other and further relief at law or in equity as the Court shall deem just and proper.

## **JURY DEMAND**

KONG hereby demands a jury trial on issues so triable.

DATED: 10/17/17        Respectfully submitted,

By:  /s/Brent P. Johnson\_\_\_\_\_
    Brent P. Johnson
    bpj@bhgrlaw.com
    David S. Kerr
    dsk@bhgrlaw.com
    Megan Gutwein
    mg@bhgrlaw.com
    BERG HILL GREENLEAF RUSCITTI LLP
    1712 Pearl Street
    Boulder, CO 80302
    Telephone:   303-402-1600
    Facsimile:    303-402-1601

    ATTORNEYS FOR PLAINTIFF